IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Duane Harrison,<br><br>    Petitioner,<br><br>v.<br><br>Bryan Stirling, Commissioner, South Carolina Department of Corrections; Kevin Ford, Acting Warden, Kershaw Correctional Institution,<br><br>    Respondents. | C/A. No. 4:18-2373-CMC<br><br>**Opinion and Order** |

This matter is before the court on Petitioner's application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner claims plea counsel in his criminal trial was ineffective because he urged Petitioner to plead guilty based on a trial judge's upcoming adverse ruling on his motion to suppress, rather than going to trial, preserving the issue, and appealing the suppression issue. *Id.* at 4. Petitioner also argues his guilty plea was involuntary because his counsel promised a reduction in sentence for cooperation, which did not occur. *Id.* at 14.

On December 3, 2018, Respondents filed a return and a motion for summary judgment. ECF Nos. 16, 17. Petitioner filed a response in opposition to the summary judgment motion on December 16, 2018.[1] ECF No. 19.

---

[1] After filing the response in opposition to summary judgment, Petitioner's counsel moved to withdraw based on Petitioner's request to proceed *pro se*. ECF No. 23. After notice to Petitioner and an opportunity to respond, the Magistrate Judge granted the motion to withdraw as counsel, rendering Petitioner a *pro se* litigant. ECF No. 30. Petitioner later filed a document noting he
Footnote Continued . . .

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On April 29, 2019, the Magistrate Judge issued a Report recommending Respondents' summary judgment motion be granted and Petitioner's application be dismissed with prejudice. ECF No. 33. Specifically, the Magistrate Judge recommended that the application be dismissed as it fails on the merits of Petitioner's ineffectiveness claims. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections and the time for doing so has expired. Petitioner's copy of the Report has not been returned to the court.[2]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in

---

consented to withdrawal of counsel. ECF No. 35. Petitioner noted he "will be responsible for his case." *Id.*

[2] Petitioner's objections were due by May 13, 2019, plus three days due to service by mail. In an abundance of caution, the court delayed ruling on the Report for an additional week beyond the deadline, yet received no objections from Petitioner.

the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the application, the motion, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, both conclusions of the Report and Recommendation of the Magistrate Judge are adopted and incorporated by reference. The court finds Petitioner's claims of ineffective assistance of counsel fail on the merits for the reasons stated by the Magistrate Judge.

Respondents' motion for summary judgment is granted. This matter is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 23, 2019