IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Duane Harrison,<br><br>    Petitioner,<br><br>v.<br><br>Bryan Stirling, Commissioner, South Carolina Department of Corrections; Kevin Ford, Acting Warden, Kershaw Correctional Institution,<br><br>    Respondents. | C/A No. 4:18-2373-CMC<br><br><br>**Opinion and Order** |

This matter is before the court on Petitioner's application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner claims plea counsel was ineffective because he urged Petitioner to plead guilty based on a trial judge's upcoming adverse ruling on his motion to suppress, rather than going to trial, preserving the issue, and appealing. *Id.* at 4. Petitioner also argues his guilty plea was involuntary because his counsel promised a reduction in sentence for cooperation, which did not occur. *Id.* at 14. This matter is before the court on Petitioner's Motion to Set Aside Final Order pursuant to Fed. R. Civ. P. 60(b) filed June 10, 2019. ECF No. 39. For the reasons set forth below, Petitioner's motion is denied.

1. **Background**

On December 3, 2018, Respondents filed a return and a motion for summary judgment. ECF Nos. 16, 17. Petitioner filed a response in opposition to the summary judgment motion on December 16, 2018. ECF No. 19. This response in opposition was filed by counsel. However, on April 4, 2019, well after filing the response, Petitioner's counsel moved to withdraw based on Petitioner's request to proceed *pro se*. ECF No. 23. The court ordered counsel to forward her

motion and its Order to Petitioner, and notified Petitioner the motion would be granted if he did not submit a written objection within ten days. ECF No. 25. Counsel filed the certificate of service on April 11, making Petitioner's response due April 26 (including service days). ECF Nos. 27, 28. On April 29, the court granted counsel's motion to withdraw, and Petitioner became a *pro se* litigant. ECF No. 30. The same day, the Magistrate Judge entered a Report recommending Respondents' motion for summary judgment be granted. ECF No. 33. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Objections to the Report were due May 16, including service days. On May 3, Petitioner replied to the Order regarding withdrawal of counsel, noting he consented to counsel being relieved and that "Petitioner hereby will be responsible for his case." ECF No. 35. He filed no objections to the Report. On May 23, with no objections from Petitioner, the court entered an Order adopting the Report and granting summary judgment for Respondents. ECF No. 36.

**2. Petitioner's Motion**

The instant motion was filed by Petitioner on June 10, arguing he requested his attorney file an "amendment" to Petitioner's response in opposition to summary judgment, and when she declined saying it would not be in his best interest, he informed her he wished to proceed *pro se*. *Id.* He also argues he should have an opportunity to file his Amendment to the response in opposition to summary judgment and contending the court "has not afforded the Petitioner the opportunity to appear as a *pro se* litigant in this action . . . and [he] reserves the right to bring such inquisition as the Petitioner has not abandoned his 'fair bite at the apple.'" ECF No. 39 at 3. He requests the court vacate both the Magistrate Judge's Report and the Order adopting the Report, so he can file responses to both. *Id.*

Respondents filed a response in opposition arguing Petitioner is unable to meet the requirements of Fed. R. Civ. P. 60(b). ECF No. 40. They argue the *pro se* amendment to the response to summary judgment was filed with the court on April 3 and 4, at Docket numbers 22-1 and 24. *Id.* at 1.

3. **Discussion**

The court disagrees it failed to afford Petitioner the opportunity to appear as a *pro se* litigant. Petitioner argues he "moved to proceed *pro se* to file his Amendment to the Petitioner's Response in Opposition to the Respondents' Motion for Summary Judgment that he prepared for previous counsel to file on his behalf but counsel failed to do for unknown reasons." ECF No. 39 at 2. However, this statement is contradicted by his own motion, which stated counsel informed Petitioner she did not believe the filing was in his best interest, and by the docket, which reveals Petitioner never moved to file any amendment.[1] Regardless, the motion to withdraw as counsel was filed nearly four months after Petitioner's deadline to respond to Respondents' motion for summary judgment, which would render any additional filing in response to that motion untimely.

Further, Petitioner had ample opportunity to file objections to the Report. The docket reveals the Report was mailed to him the day it was entered, and this court waited an extra week beyond the deadline for objections to ensure Petitioner did not submit objections that were held up in the mail or the like. Petitioner does not argue he received the Report late or any extraordinary

---

[1] A *pro se* amendment does not appear on the docket. The document originally filed as ECF No. 22 was deleted and replaced by ECF No. 23, a "document provided by filing user." *See* ECF No. 24. It is possible the *pro se* amendment was filed as an attachment to ECF No. 22 when it was initially filed; however, that filing was removed and refiled with the document at ECF No. 23, the motion to withdraw as attorney, which does not include a *pro se* amendment.

circumstances that would justify the lateness of his response via the instant motion.[2] While this court is sympathetic to *pro se* litigants who do not file on time due to actions outside their own control, the record reveals this is not such a case. Petitioner did not have the right to file an untimely response to Respondents' motion for summary judgment, and had ample time to file objections to the Report, which could have included the same information as his purported amendment to the response to summary judgment. He failed to do so or to raise the issue in any way before summary judgment was entered for Respondents. For these reasons, Petitioner's motion (ECF No. 39) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
July 10, 2019

---

[2] In his motion, Petitioner appears to state he filed the instant motion on May 23, 2019. *See* ECF No. 39 at 3. However, although Petitioner benefits from the mailbox rule established in *Houston v. Lack*, 487 U.S. 266 (1988), the envelope in which the motion arrived shows he deposited it at the institution mailroom on June 7, 2019. ECF No. 39-1 at 2.