IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Duane Harrison, | C/A. No. 4:18-2373-CMC |
| Petitioner, | |
| v. | |
| Bryan Stirling, Commissioner, South Carolina Department of Corrections; Kevin Ford, Acting Warden, Kershaw Correctional Institution, | **Order** |
| Respondents. | |

In August of 2018, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner claimed plea counsel was ineffective because he urged Petitioner to plead guilty based on a trial judge's upcoming adverse ruling on his motion to suppress, rather than going to trial, preserving the issue, and appealing. *Id.* at 4. Petitioner also argued his guilty plea was involuntary because his counsel promised a reduction in sentence for cooperation, which did not occur. *Id.* at 14. Summary Judgment was granted for Respondent on May 23, 2019. ECF No. 36. This matter is now before the court on Petitioner's Second Motion to Set Aside Final Order pursuant to Fed. R. Civ. P. 60(b) filed through counsel on May 13, 2024. ECF No. 53. For the reasons set forth below, Petitioner's motion is denied.

1. **Background**

On December 3, 2018, Respondents filed a return and a motion for summary judgment. ECF Nos. 16, 17. Petitioner filed a response in opposition to the summary judgment motion on December 16, 2018. ECF No. 19. This response in opposition was filed by counsel. However, on April 4, 2019, well after filing the response, Petitioner's counsel moved to withdraw based on

Petitioner's request to proceed *pro se*. ECF No. 23. The court ordered counsel to forward her motion and its Order to Petitioner, and notified Petitioner the motion would be granted if he did not submit a written objection within ten days. ECF No. 25. Counsel filed the certificate of service on April 11, making Petitioner's response due April 26 (including service days). ECF Nos. 27, 28. No response was received. On April 29, 2019, the court granted counsel's motion to withdraw, and Petitioner became a *pro se* litigant. ECF No. 30. The same day, the Magistrate Judge entered a Report recommending Respondents' motion for summary judgment be granted. ECF No. 33. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Objections to the Report were due May 16, 2019, including service days. On May 3, Petitioner replied to the Order regarding withdrawal of counsel, noting he consented to counsel being relieved and that "Petitioner hereby will be responsible for his case." ECF No. 35. He filed no objections to the Report. On May 23, with no objections from Petitioner, the court entered an Order adopting the Report and granting summary judgment for Respondents. ECF No. 36. The case was closed and Judgment entered May 24, 2019. Petitioner filed a timely *pro se* motion to set aside the Order ruling on the Report under Rule 60(b) on June 10, 2019. ECF No. 39. Respondents replied. ECF No. 40. The court denied the motion July 10, 2019. ECF No. 43.[1] Petitioner filed a notice of appeal, but his appeal was dismissed by the Fourth Circuit on November 22, 2019. ECF No. 51.

## 2. **Petitioner's Instant Motion**

The instant motion was filed by Petitioner, through counsel, on May 13, 2024, arguing the court's consideration of the Petition was "riddled with structural errors which undermined

---

[1] An untimely reply was received by the court July 18, 2019. ECF No. 45.

fundamental fairness of the proceeding and deprived the Petition[er] of substantive and procedural due process." ECF No. 53 at 2. He asserts he was "abandoned" by retained counsel during the Habeas Corpus proceeding, and was "involuntarily forced to proceed pro se." *Id.* Petitioner contends the court released retained counsel in a way that violated the Rules of Professional Conduct, which "adversely affected the Petitioner's right and ability to represent himself." *Id.* He claims the court erred in not allowing Petitioner additional time to respond to the Report and Recommendation, filed the same day as the Order granting the motion to withdraw by his attorney. *Id.* at 3. He claims the Report was mailed to the Petitioner, but it did not include the Notice of Right to File Objections, which was the attachment to the Report. *Id.* Petitioner requests oral argument on this motion. *Id.*at 4.

Respondents did not file a response.

### 3. **Standard**

Petitioner purports to bring this motion under Fed. R. Civ. P. 60(b)(6).

> Federal Rule of Civil Procedure 60(b)(6) allows for relief from a final judgment for "any other reason that justifies relief." While this catchall reason includes few textual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5).

*Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). A 60(b)(6) motion must be filed on "just terms," within "a reasonable time," and "have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id.* (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). A "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion . . ." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. July 13, 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)).

3

Rule 60(b)(1) motions include grounds for relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." The Supreme Court has held a Rule 60(b) motion brought due to a legal error made by the court is properly cognizable under Rule 60(b)(1), instead of Rule 60(b)(6), as judicial errors of law are included in "mistake." *Kemp v. United States*, 596 U.S. 528, 539 (2022). Under Rule 60(c), motions under Rule 60(b)(1) must be made no more than a year after the entry of the judgment or order. *See also, id.*

4. **Discussion**

   a. *Timeliness*

As Petitioner acknowledges, he must establish his motion was filed within a reasonable time. Petitioner contends the court made multiple errors in adjudicating his habeas petition, including "the way in which the Court released the attorney from the case, the way it failed to stay the case, and then consider of the case without taking the Petitioner's Reply in consideration when it decided his Motion to set aside." ECF No. 53-1 at 10 (errors in original). Accordingly, based on the Supreme Court's opinion in *Kemp*, it appears Petitioner's motion is properly brought under Rule 60(b)(1), seeking relief from judgment for "mistake," or legal errors made by the court. Under Rule 60(b)(1), such motions must be brought no later than one year after the challenged judgment or order.

The Order adopting the Report and granting summary judgment for Respondents was entered May 23, 2019. ECF No. 36. Judgment was entered the same day. ECF No. 37.[2]  As the

---

[2] Petitioner appealed this denial, but the Fourth Circuit dismissed the appeal on November 22, 2019, holding Petitioner waived appellate review by failing to file objections to the Report. ECF No. 51.

instant motion was filed nearly five years later, it is not within the deadline set forth in Rule 60(c) and is untimely.

In the alternative, to the extent this motion is properly brought as one under Rule 60(b)(6), it still must be filed "within a reasonable time." Petitioner cites *Justus v. Clark*, 78 F.4th 97 (4th Cir. 2023) for the proposition that a motion filed five years after the challenged judgment was timely. However, the petitioner in *Justus* had a severe mental disability that "impaired his ability to recognize the basis for, or to take advantage of, possible collateral remedies," as he had been hospitalized twice for restoration of competency and his symptoms continued. *Id.* at 112. The court found the petitioner's motion was properly classified as one under Rule 60(b)(6), and his extensive evidence regarding his severe mental disabilities justified tolling and finding the filing timely. *Id.*

The Fourth Circuit has also held, in circumstances more closely related to this case where no mental illness is alleged, a delay of two-and-a-half years was excessive and improper under Rule 60(c), even when an additional case improving the petitioner's argument was released in the interim. *See Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016). In *Moses*, the petitioner filed a Rule 60(b)(6) motion over two years after an initial Supreme Court decision that would help his claim, and fifteen months after another Supreme Court decision clarifying the earlier change in habeas law. The district court held that was not within a reasonable time, and the Fourth Circuit agreed, holding "[s]uch a delay would be inordinate under any circumstances." *Id.* The court went on to reason: "[w]ere we to reverse the district court's ruling here as an abuse of discretion and accept as timely a motion filed two-and-a-half years after the appellant knew or should have known the basis for his 60(b) claim, the 'reasonable time' limitation in Rule 60(c)(1) would quickly lose all meaning." *Id.* at 167.

5

Here, Petitioner attempts to justify his filing five years after the challenged order and judgment by asserting he pursued his rights in state court during the interim. However, filing a motion to vacate his sentence in state court does not justify his failure to pursue his remedies regarding an order and judgment in this court, then return nearly five years later to attempt to reopen a long-closed case. In addition, there is nothing in the interim that changed or aided Petitioner in his quest to have this petition reconsidered; no new case law or other change is cited that will strengthen his position. His position is the same as it could have been (and essentially was, in his *pro se* motion to set aside) five years ago: the court made errors that impacted his right to be heard in this court.

In this case, Petitioner knew the basis for his Rule 60(b) claim, as evidenced by his *pro se* motion making many of the same arguments now made in the instant motion. See ECF No. 39. Accordingly, there is no reason that the time taken to pursue a motion in state court, unrelated to the federal proceedings other than to challenge his state court conviction, should "toll" or excuse the five-year period between the challenged judgment and order and the instant motion. Accordingly, the court finds the instant motion was not made "within a reasonable time" and is therefore untimely.

     b. <u>Merits of Petitioner's Claims</u>

Even if Petitioner's motion was timely filed, the court finds it unpersuasive as contrary to the facts of the case. Petitioner alleges he was "abandoned" and "involuntarily forced to proceed pro se," and the court "allowed his retained counsel to withdraw without any meaningful hearing on her Motion to Withdraw and without staying the proceedings while the issue of counsel could be resolved." ECF Nos. 53 at 2 (motion); 53-1 at 8 (memorandum in support). However, filed documents reveal Petitioner *requested* his counsel withdraw as he wished to proceed *pro se*. ECF

6

No. 23. Further, Petitioner was given an opportunity to respond to the motion to withdraw. ECF No. 25. Although ultimately the motion was granted prior to receipt of Petitioner's response, the response shows Petitioner consented to the withdrawal and was the one who requested to proceed *pro se* as he was unsatisfied with counsel's communication and/or willingness to file his requested document. See ECF Nos. 35, 39. Accordingly, there was no "issue of counsel to be resolved," as it is clear Petitioner requested and wished to proceed without counsel. Petitioner noted he "hereby will be responsible for this case," in his consent to the withdrawal motion. ECF No. 35 at 1.

Next, counsel contends "[i]nferentially from the facts of the case, the time for Petitioner to respond [to the Report] had already expired by the time the Report and Recommendation made its ways through the administrative maze of medium security prison, causing the pro se inmate not to respond." ECF No. 53-1 at 9 (errors in original). Although counsel wishes the court "infer" Petitioner received the Report after the deadline set for objections, there is no evidence in the record to even suggest, much less demonstrate, that fact. Petitioner set forth a timeline of the court's orders in his motion to set aside, but did not mention that he received the Report late. ECF No. 39 at 2-3. Neither did he, at any point, request additional time to file objections to the Report. Instead, the timeline has an entry for the Report, then Petitioner states he "moved to proceed pro se to file his Amendment to the Petitioner's response in opposition to the Respondent's motion for summary judgment that he prepared for previous counsel to file on his behalf but counsel failed to for unknown reasons." *Id.* at 2. No such document, either a motion to file an amendment or an amended response to summary judgment, appears on the docket. The next entry on Petitioner's timeline is his *pro se* Rule 60(b) motion. Nowhere does he assert he prepared, or attempted to file objections to the Report or a motion for extension of time to do so. As noted above, neither does

7

he allege he received the Report late, or that it was without the notice of right to file objections. Thus, the court will not "infer" his failure to receive the Report until after it had been ruled upon.

Finally, Petitioner asserts the court ruled upon his previous Rule 60(b) Motion to set aside without awaiting or considering his reply. ECF No. 53-1 at 10.  By its title, Federal Rule of Civil Procedure 60(b) motions are civil in nature and, as such, under Local Rule replies are discouraged. District Court of South Carolina Local Civil Rule 7.07. However, if desired, they must be filed within seven days after service of the response. *Id.* Respondent's response in opposition to the Motion to Set Aside was filed June 17, 2019, so any reply was due by June 24, 2019, with three additional days added because the response was served on Petitioner by mail. ECF No. 40. Petitioner's typed reply bore a date of June 25, 2019. ECF No. 45. While unfortunately there is not a date stamp for the correctional institution's receipt of the envelope in the mail room, it was not received by this court until July 18, 2018.  The court was unaware of whether Petitioner intended to send a disfavored reply, and therefore would not hold the motion for review indefinitely. In any event, if Petitioner wished to raise this ground for review, the time to do so is not five years after the motion to set aside was denied.

As a final matter, the court addresses Petitioner's allegations of "structural error." The cases referenced by Petitioner refer to trial errors, including "defects in the constitution of the trial mechanism," and note such errors deprive defendants of "basic protections without which a criminal trial cannot reliably serve its function . . . and no criminal punishment may be regarded as fundamentally fair." ECF No. 53-1 at 10.  The court notes its evaluation of the instant motion, as well as the previous motion to set aside and the initial motion pursuant to 28 U.S.C. § 2254, are not trials. Thus, the allegations of trial structural error are inapposite.

5. **Conclusion**

For the reasons above, Petitioner's motion (ECF No. 53) is denied as untimely and, in the alternative, on the merits.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 4, 2024