IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Duane Harrison,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Bryan Stirling, Commissioner, South Carolina Department of Corrections; Kevin Ford, Acting Warden, Kershaw Correctional Institution,<br><br>　　　　Respondents. | C/A. No. 4:18-2373-CMC<br><br><br>**Order** |

　　　　In August of 2018, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner claimed plea counsel for his state court charges was ineffective because he urged Petitioner to plead guilty based on a trial judge's upcoming adverse ruling on his motion to suppress, rather than going to trial, preserving the issue, and appealing. *Id.* at 4. Petitioner also argued his guilty plea was involuntary because his counsel promised a reduction in sentence for cooperation, which did not occur. *Id.* at 14. Summary Judgment was granted for Respondent on May 23, 2019. ECF No. 36. On May 13, 2024, almost exactly five years later, Petitioner filed a motion to set aside summary judgment pursuant to Rule 60(b). ECF No. 53. This was denied by the court on June 4, 2024. ECF No. 54. This matter is now before the court on Petitioner's Motion for Reconsideration of the court's order denying his 2024 Rule 60(b) motion. ECF No. 55. Defendants have responded in opposition to the motion for reconsideration. ECF No. 56. For the reasons set forth below, Petitioner's motion is denied.

### 1. **Background**

On December 3, 2018, Respondents filed a return and a motion for summary judgment. ECF Nos. 16, 17. Petitioner filed a response in opposition to the summary judgment motion on December 16, 2018. ECF No. 19. This response in opposition was filed by counsel. However, on April 4, 2019, well after filing the response, Petitioner's counsel moved to withdraw based on Petitioner's request to proceed *pro se*. ECF No. 23. The court ordered counsel to forward her motion and its Order to Petitioner, and notified Petitioner the motion would be granted if he did not submit a written objection within ten days. ECF No. 25. Counsel filed the certificate of service on April 11, making Petitioner's response due April 26 (including service days). ECF Nos. 27, 28. No response was received. On April 29, 2019, the court granted counsel's motion to withdraw, and Petitioner became a *pro se* litigant. ECF No. 30. The same day, the Magistrate Judge entered a Report recommending Respondents' motion for summary judgment be granted. ECF No. 33. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Objections to the Report were due May 16, 2019, including service days. On May 3, Petitioner replied to the Order regarding withdrawal of counsel, noting he consented to counsel being relieved and that "Petitioner hereby will be responsible for his case." ECF No. 35. He filed no objections to the Report.

On May 23, with no objections from Petitioner, the court entered an Order adopting the Report and granting summary judgment for Respondents. ECF No. 36. The case was closed and Judgment entered May 24, 2019. Petitioner filed a timely *pro se* motion to set aside the Order ruling on the Report under Rule 60(b) on June 10, 2019. ECF No. 39. Respondents replied. ECF

2

No. 40. The court denied the motion July 10, 2019. ECF No. 43.[1] Petitioner filed a notice of appeal, but his appeal was dismissed by the Fourth Circuit on November 22, 2019. ECF No. 51.

On May 13, 2024, Petitioner, now through counsel, filed a Second Motion to set aside the Judgment pursuant to Rule 60(b). ECF No. 53. The court denied that motion as untimely and on the merits. ECF No. 54.

### 2. Petitioner's Instant Motion

The instant motion for reconsideration was filed by Petitioner, through counsel, on June 11, 2024, pursuant to Rule 59(e). ECF No. 55. Petitioner contends the court erred in dismissing his Second Rule 60(b) motion to set aside the summary judgment order as untimely, because timeliness is an affirmative defense, not a jurisdictional bar. *Id.* at 1-2. He also objects to the court's denial of a certificate of appealability ("COA"), arguing a COA is not required on a denial of a Rule 60(b) motion on a habeas corpus petition. *Id.* at 2. Finally, he asserts the court erred in determining structural error analysis did not apply to his motion under Rule 60(b). *Id.* at 3. He requests the court "clarify its ruling on this issue to facilitate appellate review." *Id*.

Respondents filed a response in opposition, arguing the motion under Rule 59(e) is procedurally improper and Petitioner does not meet the standard. ECF No. 56 at 1. They contend the case relied on by Petitioner, *United States v. McRae*, 793 F.3d 392 (4th Cir. 2015), is not on point because the issue of timeliness was raised in this court by Petitioner. *Id.* at 2. They also assert a COA was proper because it is only unnecessary if the Rule 60 motion is construed as a successive action, which this was not. They agree with the court on the structural error analysis. Finally, they

---

[1] An untimely reply was received by the court July 18, 2019. ECF No. 45.

note Petitioner did not object to the determination on the merits, and so Petitioner will not receive relief even if his arguments are accepted. Accordingly, they assert the motion should be denied.

### 3. Standard

Petitioner purports to bring this motion under Fed. R. Civ. P. 59(e).

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). Rule 59 provides that a motion for a new trial or to alter/amend the judgment must be filed no later than 28 days after the entry of the judgment.

### 4. Discussion

As an initial matter, the court agrees with Respondents this is not a proper Rule 59(e) motion, as it does not seek a new trial or to alter or amend a judgment, but rather reconsideration of denial of a Rule 60(b) motion. Further, Petitioner does not raise an intervening change in the law or new evidence not previously available. Even if he may be attempting to fall under the third

prong, it appears he simply disagrees with the court's previous order. This is not a reason to apply the "extraordinary remedy" under Rule 59(e).

On the merits of the instant motion, Petitioner argues his Rule 60 motion should not have been dismissed as untimely because timeliness is an affirmative defense that was not first raised by Respondents. He cites *McRae* in support of this contention. However, as noted by Respondents, this conclusion of *McRae* occurred where timeliness was not raised below. The court found that because the petitioner had "not had an opportunity to make a case for timely filing . . . the proper course of action [was] to remand." 793 F.3d at 401. Here, Petitioner raised timeliness himself and had an opportunity to provide his reasons for the timing of the filing. The court simply rejected those reasons as insufficient to justify filing of a Rule 60(b) motion nearly five years after the challenged judgment. Petitioner may not attempt to justify the filing of his own Rule 60(b) motion as timely and then complain the court could not consider timeliness when it disagrees.

The court also disagrees with Petitioner's assertions regarding issuance of a COA. Petitioner again relies on *McRae*; however, the court finds it inapposite. The *McRae* court found a COA was not to issue when a Rule 60(b) motion was dismissed as an improper successive § 2255 motion. *Id.* at 398. However, that court also recognized the COA requirement applied to an order denying a Rule 60(b) motion in a habeas action. *Id.* at 397-98. It noted the courts are to treat "true Rule 60(b) motions differently from successive habeas petitions . . . [and] only final orders with a sufficient nexus to the merits of a habeas petition trigger the COA requirement." *Id.* at 399. Accordingly, as Petitioner's Rule 60(b) motion directly challenged the habeas proceedings, and was not a successive habeas motion, a COA was proper.

Finally, Petitioner requests the court "clarify" its ruling on structural error "to facilitate appellate review." ECF No. 55. Structural errors include denial of counsel, denial of right of self-

5

representation, denial of right to public trial, and denial of right to trial by jury by giving a defective reasonable doubt instruction, as well as denial of right to counsel of choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 149-50 (2006). Petitioner asserted in his Rule 60(b) motion that "the way in which the Court released the attorney from the case, the way it failed to stay the case, and then consider the case without taking the Petitioner's Reply in consideration. . .created what the law commonly refers to as structural errors." ECF No. 53-1 at 10. Although Petitioner now alleges the court did not cite any authority in its structural error analysis, the only cases cited by Petitioner in his Rule 60(b) motion concerned trial settings, not habeas motions. *Id.* at 10 ("[S]tructural errors are defects in the constitution of the trial mechanism."). However, assuming *arguendo* structural error is applicable in a habeas setting, the record does not reveal such an error here. Petitioner sought to have his counsel relieved and to be responsible for his own case. The court granted this. Petitioner therefore received his "counsel of choice" and was allowed self-representation. Petitioner did not seek any extension of time in which to litigate his motion. It does not appear to the court that structural error exists here.

### 5. Conclusion

For the reasons above, Petitioner's motion (ECF No. 55) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 12, 2024